UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KENNETH W. SHEELY and DEBORAH SHEELY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 1:15-cv-00048 SNLJ ) |
| GEAR/TRONICS INDUSTRIES INCORPORATED and GEARTRONICS INDUSTRIES INCORPORATED, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for insufficient service of process or to quash service and to dismiss for lack of personal jurisdiction. The motion has been fully briefed and the matter is ripe for disposition. For the following reasons, the Court will grant the motion.

**I.    Background**

Plaintiffs Kenneth Sheely and Deborah Sheely filed this products liability cause of action asserting claims arising out of an incident that occurred on March 30, 2010 at a power plant in New Madrid, Missouri. On that day, plaintiff Kenneth Sheely was performing work at the plant on behalf of his employer, and in the course of his work borrowed a torque multiplier wrench from a sub-contractor at the work site. The tool Mr. Sheely borrowed was manufactured, marketed, and distributed by defendant Gear/tronics Industries Incorporated. While attempting to tighten a bolt, the torque multiplier broke

causing Mr. Sheely to lose his balance, fall, and sustain serious bodily injuries. Plaintiffs allege that Mr. Sheely was injured as a direct and proximate result of a defect in the tool and/or failure of the tool to perform when used in a reasonably anticipated manner.

This action is before the Court based on diversity jurisdiction. Plaintiffs are Ohio citizens. Defendant Gear/tronics Industries Incorporated is a company incorporated under the laws of Massachusetts, with its sole place of business in Massachusetts. Defendant Gear/tronics Industries Incorporated ceased doing business as of March 1, 2015, but has not yet been dissolved. Defendant Geartronics Industries Incorporated is not a legal entity or company separate from defendant Gear/tronics Industries Incorporated but instead is a common misspelling of Gear/tronics Industries Incorporated. In their response to the motion to dismiss, plaintiffs state their intention to dismiss Geartronics Industries Incorporation and address the motion only as to defendant Gear/tronics Industries Incorporated. As the parties acknowledge that the only defendant is Gear/tronics Industries Incorporated, the Court will refer to "defendant" or "defendant Gear/tronics" for purposes of this memorandum and order.

## II. Discussion

Defendant seeks dismissal of this action for lack of personal jurisdiction and insufficient service of process pursuant to Rule 12(b)(2) and (5) of the Federal Rules of Civil Procedure. Defendant contends that service was insufficient because the summons was served upon a person, Marianne Richards, at a multi-tenant business address, 100 Chelmsford Road, North Billerica, MA, and that person was not authorized by appointment or the law to accept service on behalf of defendant. Instead, Marianne

Richards is employed by Gear/tronics, Inc., a wholly separate company from defendant. Although defendant Gear/tronics quit doing business on March 1, 2015, it continues to have a registered agent, Richard Duffy, appointed to accept service of process. Further, defendant contends that this Court lacks personal jurisdiction over it because it does not have sufficient minimum contacts with Missouri to satisfy due process requirements.

Plaintiffs argue that they have properly served defendant Gear/tronics by service at its business office of public record according to the business records of the Secretary of the Commonwealth of Massachusetts. Plaintiffs argue that because the summons and a copy of the complaint were left by process server with a person identified as a manager at the address of defendant Gear/tronics's office, the requirements of the Federal Rules of Civil Procedure, as well as both Missouri and Massachusetts Rules of Civil Procedure governing service have been satisfied. Further, plaintiffs argue that defendant has sufficient minimum contacts with Missouri for the exercise of specific personal jurisdiction because defendant has sold its products to Missouri residents and defendant's products are sold by Snap-On Incorporated which has dealers and distributors in Missouri.

### A. Service of Process

Federal Rule of Civil Procedure 12(b)(5) authorizes a motion to dismiss on grounds of insufficiency of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint, e.g., summons served upon someone not authorized by appointment or by law to receive service of process. 5A C Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice and Procedure* § 1353 (2d ed.1990). Pursuant to Federal Rule of Civil Procedure 4, service upon a corporation may be properly effectuated by one of two ways: (1) by following the procedures prescribed for individuals under Federal Rule of Civil Procedure 4(e)(1); or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." See Fed. R. Civ. P. 4(h).

Here, defendant argues that it was not properly served because the individual who received service from plaintiffs was not a registered agent of, and had no position with, defendant. Rather, the person who received service was the employee of a wholly separate entity not named in this suit. Plaintiffs allege that valid service was obtained when the summons and a copy of the complaint were left at the business office of the defendant – the address listed on the website for the Secretary of the Commonwealth of Massachusetts as being defendant Gear/tronic's principal office – with the person having charge thereof. Plaintiff has offered no evidence to contradict the testimony that Marianne Richards was not an employee or agent of defendant, was not a person having charge of any office of defendant, and was not authorized to accept service on behalf of the defendant. The undisputed facts before this Court show that neither the registered agent or any employee or agent of Gear/tronics was served with process in this matter. Instead, a person with no relation to defendant received the service. This Court finds, therefore, that defendant has not been properly served with process.

In order for this Court to assert personal jurisdiction over a defendant "the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l*, 484 U.S. at 104. If service of process is ineffective, "the district court has discretion to either dismiss the action, or quash service but retain the case." *Marshall v. Warwick*, 155 F.3d 1027, 1032–33 (8th Cir. 1998) (citation omitted).

### B.     Personal Jurisdiction

In light of plaintiffs' request for additional time to perfect service, the Court will address defendant's motion to dismiss for lack of personal jurisdiction. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (internal quotation marks and citations omitted). "Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." *Id.* "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.*

"Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011) (internal quotation marks and citation omitted). "Personal jurisdiction can be

5

specific or general." *Id.* at 593. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Id.* (internal quotation marks and citations omitted). "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Id.* The requirements of Missouri's long-arm statute and the Due Process Clause present two, independent inquiries that must be addressed separately, and failure to satisfy either precludes the exercise of specific personal jurisdiction. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909-10 (8th Cir. 2012).

It is not necessary to consider the application of Missouri's long-arm statute in this case because the exercise of personal jurisdiction is not permitted by the Due Process Clause. To satisfy due process, a defendant must have sufficient minimum contacts with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Myers*, 689 F.3d at 911 (internal quotation marks and citations omitted).

The Eighth Circuit adopted "a five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the

6

contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) [the state's] interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Myers*, 689 F.3d at 911. Once the Court has found the requisite minimum contacts, it must still determine whether the exercise of jurisdiction conforms with "fair play and substantial justice." *International Shoe*, 326 U.S. at 320. "In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (citations and internal quotations omitted). The defendant's contact with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Specific jurisdiction is warranted when the defendant purposefully directs its activities at the forum state and the litigation results from injuries . . . relating [to the defendant's] activities [in the forum state.]" *Myers*, 689 F.3d at 912-13 (internal quotation marks and citations omitted).

Here, plaintiffs argue that "defendant sold its products, including torque multipliers like the one involved in this incident, in Missouri via its website and thru Snap-On Inc. dealers and distributors, thereby establishing the minimum contacts necessary for personal specific jurisdiction in this case."[1] Plaintiffs allege that defendant has contacts with Missouri based on the sale of its products to Snap-On which has dealers and distributors in Missouri. However, any contacts Snap-On may have with Missouri

---

[1] Plaintiffs do not argue that this Court has the power to exercise general personal jurisdiction over defendant and, therefore, that issue is not discussed. In any event, based on the pleadings and evidence, plaintiffs would not prevail on such a claim.

are not imputed to defendant. Snap-On, and not defendant, determines where it will sell the products it purchases from defendants. Plaintiffs have failed to prove that defendant purposefully availed itself of the Missouri forum based on sales of its products to Snap-On.

Additionally, plaintiffs argue that defendant should not be permitted to avoid personal jurisdiction in "the state where one of its customers was injured while using the product." It is undisputed that plaintiff Kenneth Sheely borrowed the tool in question from a Kentucky sub-contractor company that had purchased the tool in Kentucky. This particular tool only arrived in Missouri as a result of the unilateral action taken by the Kentucky sub-contractor that brought it into Missouri prior to loaning it to plaintiff. "[A] defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff" is insufficient to establish specific personal jurisdiction. *Walden v. Fiore*, --- U.S. ---, 134 S.Ct. 1115, 1123 (2014) (internal quotation marks and citation omitted).

Further, it is undisputed that at the time of plaintiff Kenneth Sheely's injury to the present, defendant has not had any offices in Missouri, has not had any employees or independent contractors in Missouri, has not conducted any advertising in Missouri, and has not been registered to do business in the state of Missouri. While defendant concedes that from 2010 to the present, approximately 1.2% of its total sales were made in Missouri, that figure does not include the sale of the tool in question, and those sales were unsolicited requests to defendant's Massachusetts warehouse. Also, while defendant maintained a public website containing general information, no direct purchases could be made through it. Plaintiffs' claims do not arise out of those limited contacts.

Defendant's minimal sales to Missouri residents and maintenance of a general information website that could be accessed by Missouri residents cannot be said to be sufficient minimum contacts with Missouri necessary to comport with the Due Process Clause as it relates to plaintiffs' claims against defendant. Plaintiffs have failed to prove that defendant purposefully availed itself of the Missouri forum. As a result, this Court finds that it does not have personal jurisdiction over defendant Gear/tronics.

Accordingly,

**IT IS HEREBY ORDERED** that defendant' motion to dismiss (ECF #11) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' request for additional time to perfect service is **DENIED** as moot.

Dated this 19th day of August, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE